**Louis VON WITTE, individually and doing business as American Elite of Delaware Valley, Plaintiff,**

v.

**AMERICAN ELITE, Inc., Defendant.**

United States District Court
S. D. New York.
Jan. 10, 1957.

Glick & Wachtel, New York City, for plaintiff.

Rudolf M. Littauer, New York City, for defendant.

CASHIN, District Judge.

This is a motion by defendant pursuant to Rules 30(b) and 34 of the Federal Rules of Civil Procedure, 28 U.S.C. A., (1) to quash plaintiff's notice to take the deposition of defendant by certain of its officers, and (2) for an order requiring the production of designated books, records and documents. Plaintiff consents to the quashing of his notice of taking of deposition but requests that such quashing be conditioned on the granting of an order that the examination of defendant as set out in the notice commence immediately on the completion of defendant's examination of plaintiff. Plaintiff also consents to an order of discovery and production, with certain limitations.

Plaintiff and defendant entered into a contract on April 25, 1955, whereby plaintiff was to be the exclusive distributor in a certain area of Telefunken radio sets of which defendant is the exclusive importer. Defendant terminated the contract, not in accordance with any option to terminate, as of April 25, 1956. Plaintiff commenced suit on November 8, 1956, demanding damages and affirmative injunctive relief.

Considering first plaintiff's request for an order that the examination of defendant proceed immediately upon the completion of the examination of plaintiff, I find that no good reason for such an order appears. The notice served is concededly improper. Plaintiff has the right to serve a proper notice without court order. Rule 26(a) and Rule 30(a), Federal Rules of Civil Procedure. Since the rules provide a method for plaintiff to obtain the requested examination, there is no necessity for any order of the court.

Plaintiff's objection that the notice to produce is too extensive as to the type of documents covered, is without merit. The only documents demanded are those with reference to transactions under the contract or in breach thereof. In view of the nature of the issues herein, e. g., whether plaintiff exerted due diligence in the performance of his distribution contract, whether proper credits for returned merchandise were given, and whether plaintiff in breach of contract handled competing products of other importers, the items demanded would appear not only relevant within the meaning of the rules, but probably even admissible in toto at a trial of the action. Insofar as the requests might be interpreted to cover documents relating to products not covered or competing with the subject matter of the contract, they are, of course, improper, and such documents need not be produced.

Although plaintiff's attorney, in his affidavit submitted in opposition to the motion, states that the claim for injunctive relief is being abandoned, the complaint has not been amended to reflect the abandonment. Accordingly, I will consider the issues as they appear from the filed pleadings. Since in those pleadings plaintiff is treating the contract as subsisting, his objection to the extent of time covered by the demand is also without merit. All documents covered by the demand should, therefore, be produced.

Plaintiff's argument that his customer list is a trade secret, so that any order of disclosure of it should be conditioned on the posting of a bond, is also without merit. Since it was plaintiff's duty to establish customer lists under the contract on which suit is based, the list is clearly relevant and material and thus available to defendant without any condition being imposed.

The motion is granted.

Settle order on notice.